NELLE SEXTON, Administratrix of Estate of W. F. SEXTON, Appellant, v. SHIRLEY SEXTON.

Division One, July 27, 1922.

1. **ADMINISTRATION: Citation to Discover Assets: Action at Law: Jury Trial.** A statutory proceeding to discover assets of decedent's estate, and to compel defendant to deliver to the administratrix certain property alleged to belong to the estate, upon interrogatories and answers thereto, is a suit or action, and the right to the property involved is required to be tried by a jury, or by the court if a jury is waived, and the judgment settles the issue. But the question whether the right to a jury trial is protected by the Constitution need not be decided where the case was tried as an action at law and appellant urges that it be disposed of on that theory, but to the extent that renders applicable the rule that substantial evidence is sufficient to support the judgment in an action at law the case will be disposed of on appeal upon that theory.

2. ————: ————: ————: **No Instructions: Affirmance.** In a proceeding to compel defendant to deliver to the administratrix certain properties alleged to belong to decedent's estate, originating in the probate court and on appeal tried in the circuit court by the court sitting as a jury, wherein no declarations of law were asked or given, no finding of facts or finding as a matter of law was made, and no procedural errors are assigned, the judgment for defendant must be affirmed if there appears any correct legal theory which is supported by substantial evidence.

3. ————: ————: ————: ————: **Credibility of Witnesses: Weight of Evidence.** In a proceeding to compel defendant to deliver to the administratrix certain properties alleged to belong to decedent's estate, tried by the court sitting as a jury, the credibility of the witnesses and the weight of the evidence were for the trial court, and, the judgment being for defendant and no declarations of law being asked or given and no finding of facts made, it will be assumed on appeal that the trial court believed the evidence favorable to defendant and drew all reasonable inferences in his favor and rejected all countervailing evidence and inferences, and if the record contains any substantial evidence which supports any valid legal theory justifying the judgment, it will be affirmed unless procedural error appears.

4. ————: ————: **Sale: Proposal: Acceptance.** A writing, signed by decedent alone two days previous to his death and delivered to a son, whereby he transferred a stock of goods and one thousand dollars in bank to the son, in consideration that the son pay all of decedent's debts and the premiums on his life insurance policies as they became due, and pay to a daughter thirty dollars a month as rent for the store and permit her to occupy a certain residence, is not a mere proposal for a sale, but a statement of a transaction, for a named consideration, and where there was unequivocal testimony that decedent had told others that he "had sold" to the son and told the banker at the time he showed him the writing that he was turning the property over to the son, the paper authorized a finding that it was written evidence of the sale; and where all concerned acted upon the theory of a valid transfer for more than a year after decedent's death, the son immediately took over the store and operated it as his own, paid decedent's debts and carried out the terms of the agreement expressed in the writing, it cannot be held on appeal that there was no substantial evidence of a valid transfer or that the trial court was bound to find that the writing was a mere unaccepted proposal.

5. ————: ————: **Transfer During Decedent's Life: Transferee Incompetent Witness.** A son to whom decedent transferred his properties shortly before his death by a writing signed by him alone is not competent to testify concerning the agreement, and while his incompetency does not supply a lack of evidence, it may tend to explain a lack of more direct evidence.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*John T. McKay* and *L. R. Jones* for appellant.

(1) The trial court erred in finding that there was an acceptance of the proposal of R. E. Sexton as mailed to his son Shirley L. Sexton, because said finding was without any evidence whatever to support it, and was in direct conflict to defendant's own testimony. (2) The court erred in finding the defendant entitled to the fruits of even the prospective contract embodied in such proposal, because by defendant's own testimony it was

shown that he had failed to perform all the obligations devolving upon him to be performed by the terms of said proposal. (3) An acceptance is always a condition precedent to the existence of a contract. Ratcliffe v. Benefit Association, 184 Mo. App. 345; Chapin v. Cherry, 243 Mo. 401; 13 C. J. 272-274; Bishop on Contracts (2 Ed.) p. 36. (a) The proposal from R. E. Sexton to Shirley L. Sexton was of such nature as to make the communication of an acceptance by Shirley to R. E. Sexton absolutely essential. 13 C. J. 284; Leesley Bros. v. Fruit Company, 162 Mo. App. 195. (b) Before one can take the fruits of even a prospective contract, the one standing upon the contract must show performance of the conditions devolving upon him to be performed. 13 C. J. 627.

*Cox & Rutledge* and *Ely, Pankey & Ely* for respondent.

(1) Appellant seeks to term and treat the written instrument set up in defendant's answer, and offered in evidence, as a "proposal." It is not in the words of a "proposal." It is not written in the language of a "proposal." It is not a letter, and was not accompanied with a letter, and in R. E. Sexton's preparation to leave town he simply deposited it in the mail for Shirley Sexton. (2) As the appellant did not request a special finding of facts, and the court made none, the assumption of appellant that the court found and construed the instrument to be a "proposal," is a mere assumption and without foundation, as to what the court's finding thereon was. Appellant cannot now complain, as he did not ask a special finding. R. S. 1909, secs. 1972 and 2081; Steel v. Johnson, 96 Mo. App. 148; Advertising Co. v. Castleman, 165 Mo. App. 575. (3) According to the testimony R. E. Sexton owed store debts to the amount of $2,500. Shirley Sexton took charge of the store and the money before his father's death. He paid one account before the death of the said R. E. Sexton.

Elery Zimmerman testified, that R. E. Sexton said to him, that Shirley Sexton "had aided me all along in the accumulation of the money. .. . . It is no more than right this should be turned over to him," and, since his father's death, Shirley L. Sexton, has paid all the debts of the said R. E. Sexton, his father. In the face of all of these facts can it be said that the instrument was a "proposal," and that the defendant was not entitled to the property? (4) There was a complete sale and transfer of the stock of goods from R. E. Sexton to Shirley L. Sexton for a good consideration without reservation or conditions. (5) The appellant did not ask any declarations of law and none were given by the court, and the presumption is that the finding and judgment was based on the theory which authorized it. Bank v. Barbee, 198 Mo. 465. (6) Defendant's answer was in writing under oath, but the plaintiff did not file any answer, or denial thereof, a jury was waived, and the court sat as a trier of the facts and his finding therein is conclusive. Baumhoff v. Ry. Co., 171 Mo. 125; Brannock v. Jaynes, 197 Mo. App. 166; Phillips v. Barnes, 105 Mo. App. 428. When the answer covered all the facts and was not denied, this furnishes a full explanation of the general verdict, and a safe test of its accuracy. Mobley v. Ry. Co., 89 N. W. 105. (7) The court had the instrument before him, and all the witnesses, and, as said in Snyder v. Stemmons, 151 Mo. App. l. c. 162, "the case, though one at law, was by the consent of the parties tried by the court without a jury and the findings of fact are as conclusive on appeal as would be the verdict of a jury," and the finding and judgment of the court was for the right party. Snyder v. Stemmons, 151 Mo. App. 162; Butts v. Grunby & West, 135 Mo. App. 31; Chandler v. Hedrick, 187 Mo. App. 660; Brannock v. Jaynes, 197 Mo. App. 166-169; Lesley Bros. v. Fruit Co., 162 Mo. App. 208. (8) The instrument is a valid and binding instrument. It was not a "proposal," but even a proposal to do or not to do a certain thing for

a consideration in writing signed and assented to by some positive act of the non-signing party constitutes a valid instrument. Any overt act of acceptance is sufficient. A contract, or bill of sale, evidencing a former contract, or agreement, signed by one of the parties only, when acted upon by the other party is binding. Amer. Pub. & Eng. Co. v. Walker, 87 Mo. App. 503; Smith v. Williams, 123 Mo. App. 485; Brown v. Smith, 113 Mo. App. 59; Allen v. Chouteau, 102 Mo. 309.

JAMES T. BLAIR, J.—This is a proceeding under Sections 62, 63, 64 and 65, Revised Statutes 1919, and was begun in the Probate Court of Dunklin County by W. F. Sexton, a son of R. E. Sexton, deceased, to compel Shirley L. Sexton, a brother of complainant, to deliver to R. E. Sexton's administratrix certain property alleged to belong to the estate in her charge. Interrogatories were propounded. An answer to the affidavit and citation was filed, and answers to the interrogatories were made. The matter was heard in the probate court and a finding made and judgment rendered for respondent. An appeal was duly taken by W. F. Sexton to the circuit court. Thereafter, W. F. Sexton died and his administratrix was substituted. The matter came on for hearing, a jury was waived, the evidence was heard and and judgment rendered for respondent. An appeal was taken to the Springfield Court of Appeals, which transferred the cause here because the property claimed was alleged to be of a value greater than $7500, exclusive of interest and costs.

The property in question consists of a stock of general merchandise; $1036, on deposit in the Bank of Malden, and "notes, mortgages, deed of trust and other evidences of debt of the value of $1,000." The affidavit also sets up that Mrs. Patty Sexton, widow, was the duly appointed and qualified administratrix of R. E. Sexton, and that deceased left four children—W. F.

Sexton, Hazel Sexton Cook, Shirley L. Sexton and Pansy Sexton Bailey; that the administratrix had filed her inventory and appraisement of the personalty of the estate, but had "wholly failed and refused to inventory as assets of the estate of R. E. Sexton, deceased, any of the above decribed personal property;" that immediately upon the death of R. E. Sexton, on November 23, 1917, Shirley L. Sexton took into his possession and control all of the personalty in question and has ever since wrongfully retained and kept it; that "since the death of said R. E. Sexton, deceased, the said Shirley L. Sexton has operated the store in his own name, has converted the proceeds derived from the sale of the goods, wares and merchandise to his own use, has converted the $1036 in cash in the Bank of Malden, Missouri, to his own use; and has collected some of the notes and accounts due and owing to said R. E. Sexton, deceased, at the time of his death, and converted the same to his own use;" that the property described belongs to R. E. Sexton's estate and should be inventoried as assets thereof, together with income and profits therefrom, "allowing all reasonable compensation to the said Shirley L. Sexton for the management and control of said store." The prayer is for a citation which shall command Shirley L. Sexton to turn the property in question over to the administratrix and produce his accounts showing income and profits and the like, and re-quiring him to answer annexed interrogatories, and a further prayer that all the property described be ordered into the hands of the administratrix for distribution among the heirs in accordance with law. This was sworn to. A citation issued.

In due time defendant filed an "answer to petition and citation" in which he denied that R. E. Sexton at the time of his death was seized or possessed of any of the personalty described in the affidavit, and averred that R. E. Sexton had, prior to his death, "sold, assigned and transferred" all the property in question to him,

the respondent. This was accompanied by answers to the interrogatories submitted. The answer is sworn to and gives the details of respondent's claim, and sets out a writing, signed by R. E. Sexton, upon which respondent's claim is in large part founded. It also contains denials of the charge that respondent had wrongfully taken and wrongfully withholds the property. The interrogatories carefully avoided any question calling for information concerning the transaction under which respondent claims.

On the trial in the circuit court it was admitted that the cause had been duly revived in the name of the administratrix of W. F. Sexton. The interrogatories and answers thereto were offered, and several witnesses were called. There was evidence that respondent had worked in his father's store about eight years, and that for about a year before the father died he had conducted the business. He received a salary, the amount of which is not stated. About November 1, 1917, R. E. Sexton approached Henry Anderson with a proposition to sell · him his stock of goods. He said he desired to go into the cotton-buying business. After some negotiations Sexton and Anderson reached the point at which they agreed upon a price. The matter was not closed, but Anderson testifies Sexton told him that when he (Anderson) "got ready, to come in and let him [Sexton] know." Subsequently Anderson went to see Sexton to close the trade, and Sexton told him, "The trade is all off. I have sold to Shirley." This was several days before Sexton's death.

Mr. Elery Zimmerman, the cashier of the Bank of Malden, testified that in November, 1917, R. E. Sexton had about $2,000 in that bank; that he withdrew $1,000, and left a balance of $1036; that later in the same month R. E. Sexton showed him the following instrument:

"Malden, Mo. 11/20/1917.

"This is to certify:

"In consideration of One Dollar, I hereby transfer my stock of goods, also all funds in Malden, Mo.,

to Shirley L. Sexton, my son.  Also One Thousand Dollars in cash in Bank of Malden, Mo., in consideration said Shirley L. Sexton pay all debts which R. E. Sexton may owe.  Its also further agreed that the said Shirley L. Sexton pay Patty Sexton the sum of Thirty Dollars months rent on store—on rent store house and keep up insurance and taxes on store house its also understood that Patty Sexton shall occupy residence in Block Six in Phillips Addition to the town of Malden.  It is also understood S. L. Sexton shall keep paid up premiums on New York Life Insurance.  Its further agreed by R. E. Sexton in case should live until policy in New York Life matures said R. E. Sexton will reimburse S. L. Sexton for premiums and interest on above premiums paid to New York Life Ins. Co., on R. E. Sexton life insurance.

"R. E. SEXTON."

Zimmerman testified that Sexton was in the bank and, among other things, said:  " 'There is a chance that I don't aim to remain on this earth long, and I want everything up in shape,' so that in case he was to die that everything would be all right, and he says 'Now, then, here is Shirley,' he says 'he has aided me all along in the accumulation of the money, and has always stayed on the job,' and says 'It is no more than right that this should be turned over to him' and says 'he is a boy that stays at home all the time, and if I turn this over to him he aims to take care of my wife.' "

It is both proved and admitted that the writing set out above was mailed by R. E. Sexton to respondent and received by the latter November 20, 1917.  There is evidence that respondent immediately took over the store and has operated it ever since.  He paid one bill on November 22, 1917.  This was paid by a check on the Bank of Malden, signed, "R. E. Sexton, by Shirley L. Sexton."  The bank account was in the name of R. E. Sexton.  Respondent had drawn some checks the same way theretofore.  R. E. Sexton died November 23, 1917.

Subsequently respondent paid debts of R. E. Sexton amounting to more than $3800. In doing this he checked out the balance of the $1036 in the Bank of Malden, and his checks were honored without question. He paid taxes and insurance on the realty which had accrued prior to R. E. Sexton's death. He complied with the writing in all respects. The widow of R. E. Sexton, as his administratrix, did not inventory any of the property in question in this proceeding. The issues were submitted to the trial court sitting as a jury. No declarations of law were asked or given. No request for a finding of facts or a finding as a matter of law was made. The court found for the respondent on the evidence. Appellant presents several questions for decision.

I.   The proceeding is "a suit or action" and in it the right to the property involved is required to be tried by a jury or by the court if a jury is waived (Sec. 65, R. S. 1919; Clinton v. Clinton, 223 Mo. l. c. 382, et seq.; In re Estate of Huffman, 132 Mo. App. 44), and the judgment settles that issue. The usual rules respecting jury trials apply to that feature of this proceeding. The question whether, in circumstances like those shown by this record, the right to a jury trial is protected by the Constitution, need not be discussed since the case was tried as one at law, and appellant urges that it is to be disposed of here on that theory. At least to the extent that renders applicable the rule that substantial evidence is sufficient to support the judgment, we think counsel are right and are supported by decisions of this court. [Howell's Exr. v. Howell, 37 Mo. l. c. 126; Gordon v. Eans, 97 Mo. l. c. 598; Eckerle v. Wood, 95 Mo. App. l. c. 385, 386.]

*Action at Law.*

II.   Since no declarations of law were asked or given and no procedural errors are assigned, the judgment must be affirmed if there appears any correct legal theory which is supported by substantial evidence.

*Sustainable on Any Theory.*

III.  The question therefore is whether there is sub-
stantial evidence that the property in question is the
property of Shirley L. Sexton, and not the property of
the estate of R. E. Sexton.  In determining
this question, as presented in this case, in
view of what is said in the preceding
paragraphs, it is to be kept in mind that the
credibility of the witnesses (Hebenheimer
v. City of St. Louis, 269 Mo. 92) and the weight of the
evidence (St. Louis Union Trust Company v. Hill, 283
Mo. 278) were for the trial court.  Further, it is to be
assumed that the trial court believed the evidence
favorable to respondent and drew all reasonable in-
ferences in his favor and rejected all countervailing evi-
dence and inferences.  If, when viewed in this light, the
record is found to contain substantial evidence which
supports any valid legal theory which justifies the judg-
ment, then an affirmance must result unless procedural
error appears.  [Buesching v. Gas Light Co., 73 Mo. l.
c. 231; State ex rel. v. Sturgis, 276 Mo. 559.]

*Credibility of Witnesses: Weight of Evidence.*

IV.  It is insisted by appellant that the writing
offered by respondent is merely a proposal and that no
acceptance was shown to have occurred before the death
of R. E. Sexton.  This is not the only reasonable theory
of the evidence.  There was positive testimony by dis-
interested witnesses that R. E. Sexton, a very short
time before his death, stated unqualifiedly that he "had
sold to Shirley."  Sexton's conversation with Mr. Zim-
merman tended to show the same thing or an intent to
sell to respondent.  The trial court would have been
justified in finding that this last antedated the conver-
sation with Anderson.  The writing is not in the form
of a proposal.  It purports to state a transaction, for a
named consideration.  It is complete in every respect.
The trial court was justified in finding that it was the
written evidence of the sale R. E. Sexton told Anderson
he had made to Shirley.  All concerned acted upon the
theory of a valid transfer for more than a year after

Sexton's death. Respondent took the store and operated it as his own; paid his father's debts and carried out the other terms of agreement as expressed in the writing. The Bank of Malden paid out the $1036 on Shirley Sexton's checks. R. E. Sexton had, in substance, told its cashier he was about to turn the property over to Shirley. The administratrix recognized the validity of the transfer and did not inventory the property. The creditors of R. E. Sexton got their money from Shirley Sexton. All of this happened before this proceeding was begun. Shirley Sexton was not competent to testify to the agreement with his father, and his testimony was excluded. This would not supply a lack of evidence, but tends to explain the want of more direct evidence. On the whole record it cannot be said there was no substantial evidence of a valid transfer of the property by R. E. Sexton to Shirley L. Sexton. It cannot be said as a matter of law the court was bound to find the writing signed by R. E. Sexton was a mere proposal and that there was no timely acceptance of it. Under the rules already stated it must be assumed the trial court rejected the theory now advanced by appellant. The evidence justified that course. This renders it unnecessary to investigate the law concerning proposals and acceptances. The judgment is affirmed. *Graves* and *Elder, JJ.,* concur.